**UNITED STATES of America**

v.

**Gustavo FERNANDEZ also known as Gustavo, Gustavo Fernandez, Appellant.**

**No. 08–1335.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 6, 2008.

Filed: March 14, 2008.

Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Gustavo Fernandez, Pecos, TX, pro se.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

---

## OPINION

PER CURIAM.

Gustavo Fernandez appeals the District Court's order denying his motion for a modification of his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). The procedural history of this case and the details of Fernandez's claims are well known to the parties, set forth in the District Court's thorough order, and need not be discussed at length. Briefly, in January 2002, Fernandez pleaded guilty to conspiracy to possess with intent to distribute heroin and cocaine base. In April 2004, he was sentenced to ninety-six months in prison. He did not appeal. In December 2007, Fernandez filed a § 3582(c)(2) motion seeking a modification of his sentence. The District Court denied the motion, and Fernandez filed a timely notice of appeal.[1]

Fernandez sought relief based on Amendment 706 to the sentencing guidelines which lowered the base offense level for cocaine base offenses. However, the District Court noted that Fernandez's sentence was not based on the crack cocaine involved in the conspiracy but rather the heroin. In his plea agreement, Fernandez stipulated that he possessed with intent to distribute at least three but less than ten kilograms of heroin. Thus, Amendment 706 is not applicable, and Fernandez's § 3582 motion is without merit.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.

---

1. Fernandez appears to appeal the District Court's September 4, 2007, 2007 WL 2596907, order denying a separate motion for immediate deportation as well. However, because the notice of appeal is dated January 23, 2008, it is untimely with respect to that order. Moreover, as noted by the District Court, 8 U.S.C. § 1231 provides no private right of action to compel the removal of an alien.